The Honorable Jack Jones Jefferson County Judge Barraque at Main Street Pine Bluff, AR 71601
Dear Judge Jones:
This is in response to your request for my review and approval of a proposed agreement ("Agreement") between Jefferson County and the City of Pine Bluff involving expansion of the Jefferson County jail facility.
My approval of interlocal agreements is required in certain instances under A.C.A. § 14-14-910 (1987), and for agreements entered pursuant to A.C.A. § 25-20-101 et seq. (Repl. 1992). Although the Agreement you have submitted does not indicate under which of these statutes the Agreement is entered, I must note that my approval is not necessary under either of these laws.
It must be initially noted that while reference is made in the Agreement to an existing lease agreement between Jefferson County and the Arkansas Department of Correction ("ADC"), the state is not included in this Agreement for purposes of the required submission to this office under A.C.A. § 14-14-910 (1987). Subsection (e) of § 14-14-910 states that "[e]very agreement including a state or a state agency shall, prior to and as a condition precedent to its final adoption and performance, be submitted to the Attorney General. . . ." It must be concluded that the state is not included in the submitted Agreement for purposes of § 14-14-910 merely by virtue of the fact that certain terms of the Agreement are impacted by a separate agreement that does include the ADC as a party. My approval of agreements entered into pursuant to § 14-14-910 is required only if the state or a state agency is a party to the agreement. See Ops. Att'y Gen. 93-018 and 93-134.
It should also be noted that this Agreement appears to be more in the nature of a contract for services, as opposed to an agreement for a joint or cooperative undertaking within the meaning of A.C.A. § 25-20-101 et seq. (Repl. 1992) (the "Interlocal Cooperation Act.") This office has previously noted that the Interlocal Cooperation Act contemplates the joint exercise of governmental powers, privileges or authority through cooperative action in order to make the most efficient use of those powers.See Op. Att'y Gen. 92-180, citing A.C.A. §§ 25-20-102 and -104. The "Purpose" statement, found at § 25-20-102, contemplates the provision of services and facilities ". . . in a manner and pursuant to forms of governmental organization" that will be to the mutual advantage of the participating governmental units. Thus, it was concluded in Opinion 92-180 that § 25-20-104
(requiring approval by the Attorney General) did not apply to an agreement for Ouachita County to provide dumpster solid waste service to residents of the City of Louann. There was no joint exercise of governmental authority, nor any particular governmental organization to effect a joint undertaking.
The above analysis applies as well in this instance, where the proposed Agreement provides for the City's lease of a certain number of beds that will be part of the County's expansion of its jail facility. There is, of course, no prohibition against a contract such as that embodied in the Agreement; and indeed, A.C.A. § 25-20-108(a) (Repl. 1992) specifically contemplates contracts between and among public agencies for the performance of "any governmental service." My approval of such contracts is, however, not required.
It is therefore my opinion that neither § 14-14-910 nor §25-20-104 applies to this proposed Agreement, and that my approval of the Agreement is not a condition precedent to its entry into force.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh